ACCEPTED
12-15-00206-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
8/26/2015 8:29:44 AM
CATHY LUSK
CLERK

No. 12-15-00206-CV

In the

# TWELFTH COURT OF APPEALS

## In re Wendell Reeder

## Motion to Reconsider Order Granting Temporary Relief

**J. Bennett White**
State Bar No. 21309800
jbw@jbwlawfirm.com
**Laura S. Severert**
State Bar No. 24051886
lsevert@jbwlawfirm.com
**J. Bennett White, P.C.**
P.O. Box 6250
Tyler, TX 75711
(903) 597-4300 Telephone
(903) 597-4330 Telephonic

Attorneys for Respondent

No. 12-15-00206-CV

IN THE COURT OF APPEALS
FOR THE TWELFTH JUDICIAL DISTRICT OF TEXAS
TYLER, TEXAS

IN RE WENDELL REEDER, Relator

From the 402nd Judicial District of
Wood County, Texas

## Motion of J. Bennett White, P.C. To Reconsider Temporary Relief

TO THE HONORABLE COURT OF APPEALS:

Comes now J. Bennett White, P.C., filing this Motion is order to that the Court may reconsider the temporary relief granted in favor of Relator for the reasons set forth below.

The temporary relief sought by Relator is for purely tactical purposes and should be reconsidered. Relator's actions are simply part of a transparent strategy designed solely to delay collection of a just debt.

I. **The Urgency Relied upon for Emergency Relief Was Manufactured by Relator in Order to Unjustly Exploit this Court**

The case below is for collection of legal fees owed J. Bennett White, P.C. ("Respondent"), plaintiff below and a party-in-interest in this proceeding. Relator's initial counsel ("Mayo") was disqualified on June 23, 2015 because of a former employee of the plaintiff and of plaintiff's counsel where the former employee was already working for Mayo at the time he undertook Relator's representation. At that hearing, Mayo

informed the Court that he (Mayo) was aware that Relator was already inclined to have Mayo's disqualification reviewed. R. 122 (Tr. pp. 12:25-13:3 "… I understand Mr. Reeder is going to ask me to have this decision reviewed, I feel confident."[1]). At that hearing, the court below allowed thirty days before Mayo's disqualification became effective. Tr. p. 12:20-24. The court below urged Relator's counsel to proceed with mandamus, "if you feel like that's what needs to be done." Tr. p. 12:6-8.

Inexplicably, Relator waited 58 days – until efforts to continue a pending summary judgment hearing failed – before seeking review. Yet, the tragedy sought to be averted by emergency temporary relief is the possibility that Relator's defense could not withstand a traditional summary judgment motion. Respondent submits that the temporary relief granted Relator should be reconsidered for multiple reasons.

## II. Mandamus Relief to Preserve Relator's Choice of Counsel Could Have Been Brought Well Before Now

The unexplained delay between Mayo's disqualification and the filing of Relator's petition for mandamus proves that preserving Relator's choice of counsel was not of paramount importance. Relator commenced this proceeding on August 20, 2015, 58 days after the disqualification hearing. This proceeding could easily have been commenced during the thirty day interval before Mayo's disqualification became effective. Relator could easily have sought this stay well prior to the date when his response to Respondent's summary judgment motion was due. Instead, Relator waited until the summary judgment hearing was imminent so as to unnecessarily and arbitrarily allow the

---

[1] The transcript mistakenly attributes that comment to the undersigned; however, the speaker from page 12, line 25 to page 13, line 3, was actually Keith Mayo, representing Relator.

urgency to ripen simply to claim an emergency in order to get the immediate attention of this Court. Choosing to wait until a threat materializes does not an emergency make.

## III.    The Real Reason Relator Seeks Temporary Relief Is To Delay Collection of a Just Debt

Relator's actions below show that this proceeding is intended solely to obstruct the collection of a justly owed debt. On May 1, 2015, Mayo wrote counsel for Respondent to inform on his being retained as Relator's counsel and agreeing to accept service. JBW-001. In a response dated May 4, 2015, Mayo was made aware of the conflict presented by his employment of a potential fact witness and that his disqualification would be sought if he proceeded to answer for Relator. JBW-002. Therefore, Relator cannot claim any surprise in that Mayo's disqualification would be sought, and Relator has had ample opportunity to plan for the possibility that substitute counsel could be necessary, along with the possibility of having to seek extraordinary relief before this Court.

On July 15, 2015, during the period before Mayo's disqualification became effective, counsel for Respondent sent a letter to Mayo in order to address the summary judgment hearing that had been scheduled for August 10, 2015. JBW-007. In that letter, Mayo was informed that adequate time existed for responding to the summary judgment motion and it was requested that he (Mayo) inform Relator's new attorney not to expect that the summary judgment hearing would be reset by agreement. JBW-007.

On July 23, 2015, Relator's new counsel ("Walker") entered an appearance (R. 0093), filed a motion for continuance of the summary judgment hearing (R. 0095), and inquired by email about postponing the summary judgment hearing (JBW-005). The

motion for continuance implies that Relator desired the deposition of Respondent's principal. R. 0096 ("Defendant is entitled to …, at a minimum obtain the deposition of … White"). By email response later that day, Walker was provided with six possible deposition dates prior to the time when Relator's summary judgment response would be due. JBW-005.

The court below, of its own volition, reset the summary judgment hearing to August 25, 2015. R. 0098. Relator's motion for continuance was heard on August 20, 2015. R. 0099-0100. On August 18, 2015, Relator's summary judgment response was filed. R. 0103. That response is supported by a two page affidavit by Relator. R. 0115-116. Relator's affidavit contends that there were instances when his instructions and strategies were not followed, but that no specific instances of any such occasions could be provided due to his lack of complete billing records. R. 0115-0116.

At the hearing on Relator's motion for continuance, Respondent showed that all billing records requested by Relator in order to fully reconcile the account balance had been provided on February 4, 2015 and February 5, 2015 (JBW-008, JBW-011), and that Respondent and Relator had completely reconciled all account balances, both paid and unpaid, by March 26, 2015 (JBW-013, JBW-014), preceding the April 14, 2015 filing of Respondent's original petition. R. 0003. The trial court was provided the July 15th letter to Mayo (JBW-007) and the July 23rd offer of deposition dates for Respondent to Walker (JBW-005) and was informed that despite Relator's insistence that discovery was essential, to date no attempt had been made to schedule any deposition and no written

discovery had even been served. Relator's motion to continue the summary judgment hearing was denied.

Relator has commenced this proceeding strictly to postpone consideration of plaintiff's summary judgment motion by the court below, not to preserve his right to counsel of his choice. The affidavit filed by Relator in opposition to Respondent's summary judgment motion is patently insufficient to establish a genuine issue of material fact. Relator's opposition to Respondent's summary judgment evidence is limited to two averments: one is Relator's unqualified implication that some of the charges are not reasonable and necessary; the other is Relator's suspicion that some of the charges were possibly not aligned with his instruction. As to whether the charges are "reasonable and necessary," Relator failed to provide any qualifications that would allow him to render an opinion on the reasonableness or necessity of legal services. As to the failure to follow "particular instructions and strategies," Relator did not provide any examples of any instructions or strategies that were not followed, nor did he identify any billing entries claimed to be inconsistent with any of his instructions or strategies.

Accordingly, Relator's inability to mount a meaningful opposition to Respondent's motion for summary judgment is not an emergency warranting temporary relief. The emergency is not that Relator could be deprived of counsel of his choice – else the petition would have been brought much earlier; the emergency is that Relator has failed to articulate any defense, or to raise any fact issue, in opposition to the claim brought against him below, and efforts to delay consideration on the merits below have failed.

**IV.     Any Temporary Relief Should Be Conditioned On Relator Posting Sufficient Bond**

Alternatively, Relator's sincerity in the relief sought by this proceeding can easily be tested. Rule 52.10(b) specifies that any temporary relief granted by this Court may be conditioned on the posting of a bond sufficient to protect other parties. Respondent submits that any stay of the proceedings below should be conditioned on Relator posting bond in the amount of $300,000, which amount should be sufficient to provide for the payment of the claim amount, with some allowance for costs, interest, and attorneys' fees. If this proceeding is not simply about avoiding payment of a just debt, then Relator should be willing to assure prompt payment for whatever amount is ultimately determined to be owed, if any. If Relator is genuinely concerned that his ability to withstand summary judgment, or to defend the claim on the merits, depends on Mayo's counsel, then Relator should be willing to protect Respondent with a payment bond to facilitate review of Mayo's disqualification.

**V.     Conclusion**

For the reasons set forth in this Motion, Respondent urges that the temporary relief previously granted by this Court be reconsidered and, upon such reconsideration, that the stay be vacated, allowing the case below to proceed. In the alternative, Respondent requests that the stay be modified and conditioned on Relator posting bond in Respondent's favor to secure payment of whatever judgment is rendered in the court below, in an amount of up to $300,000.

Wherefore, premises considered, J. Bennett White, P.C., a party-in-interest, urges this Court to reconsider the temporary relief granted herein. J. Bennett White, P.C. further requests all such other and further relief to which it may be entitled.

RESPECTFULLY SUBMITTED,

**J. BENNETT WHITE, P.C.**
P. O. Box 6250
Tyler, TX 75711
Telephone No. (903) 597-4300
Telecopier No. (903) 597-4330

By: _____
**J. BENNETT WHITE**
jbw@jbwlawfirm.com
Texas Bar No. 21309800

**LAURA S. SEVERT**
lsevert@jbwlawfirm.com
Texas Bar No. 24051886

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I certify that a true and original copy of the foregoing document has been served by fax on this date, **August 25, 2015**, as follows:

*Fax: 903-595-0796*
Ms. Marisa M. Schouten
Martin Walker, P.C.
The Arcadia Theater
121 N. Spring Street
Tyler, Texas 75702

_____
J. BENNETT WHITE

No. 12-15-00206-CV

In the

# TWELFTH COURT OF APPEALS

---

## In re Wendell Reeder

---

# Appendix of Evidence In Support For Motion to Reconsider Temporary Relief

---

**J. Bennett White**
State Bar No. 21309800
jbw@jbwlawfirm.com
**Laura S. Severt**
State Bar No. 24051886
lsevert@jbwlawfirm.com
**J. Bennett White, P.C.**
P.O. Box 6250
Tyler, TX 75711
(903) 597-4300 Telephone
(903) 597-4330 Telephonic


Attorneys for Respondent

In the

# TWELFTH COURT OF APPEALS

## In re Wendell Reeder

## Affidavit

| STATE OF TEXAS | § |
| COUNTY OF SMITH | § |

BEFORE ME, the undersigned notary public, on this day personally appeared J. Bennett White, who being duly sworn by me on his oath deposed and said: (1) he is one of the attorneys for plaintiff below in the underlying cause (No. 2015-184, J. Bennett White, P.C. v. Wendell Reeder, in the District Court of Wood County, Texas); (2) he has personal knowledge of the documents prepared, issued, filed, and/or served in the underlying cause; (3) he has reviewed all documents submitted in conjunction with the motion to reconsider temporary relief; and (4) each document tendered in support of the motion to reconsider temporary relief is a true and correct copy of a document prepared, issued, filed, and/or served in connection with the underlying cause.

I also have personal knowledge of a mistake in the hearing transcript provided as part of the mandamus Record. R. 122. The statement of counsel beginning on page 12, line 25 and continuing to page 13, line 3 is attributed to me. I did not make that statement. Mr. Keith Mayo

made that statement. The transcript should reflect Mr. Mayo as the speaker who presumed Mr. Reeder would "ask him" to have the disqualification reviewed.

I received Keith Mayo's May 1, 2015 letter. **JBW-001**. My May 4, 2015 letter to him was written in response. **JBW-003**.

The letter to Keith Mayo dated July 15, 2015 was prepared and sent by me. **JBW-007**. That letter was provided to Relator's current counsel as an attachment to an email dated July 23, 2015. **JBW-005**. By emails dated February 4, 2015 and February 5, 2015, all the billing statements for 2011, 2012, and 2013 that were requested by Relator in reconciling his account balance were provided. **JBW-008, JBW-011**. Another email exchange showed that the account between Relator and Respondent had been fully reconciled by both parties prior to the commencement of the collection action below. **JBW-013, JBW-014**.

In the case below, no written discovery has been served on J. Bennett White, P.C. by Relator and there have not been any attempts to schedule any depositions.

_____
J. BENNETT WHITE

SUBSCRIBED AND SWORN TO BEFORE ME on this the 25th day of August, 2015, to certify which witness my hand and official seal.

_____
Notary Public in and for the
State of Texas

SUSAN KAY GARDNER
Notary Public
STATE OF TEXAS
My Comm. Exp. June 16, 2016

# MAYO MENDOLIA & VICE, L.L.P.

## ATTORNEYS AND COUNSELORS AT LAW

PLAZA TOWER
110 N. COLLEGE
SUITE 101
TYLER, TEXAS 75702
OFFICE: (903) 747-3422
FACSIMILE: (903) 747-3436
www.mmvlawfirm.com

*FROM THE DESK OF:*
J. KEITH MAYO
jkm@mmvllp.com

May 1, 2015

**Via Fax 903-597-4330**
J. Bennett White, P.C.
Attorneys & Counselors
1011 Puritt Place
Tyler, Texas 75703

    *Re:    J. Bennett White, P.C. vs. Wendell Reeder, WASMA, Inc. (General Counsel), Clarksville Oil & Gas, Co. (General Counsel).*

Dear Bennett:

I have been contacted by Wendell Reeder regarding the representation of his companies and him individually. It is my understanding that you have filed a collections lawsuit against Mr. Reeder for outstanding attorney invoices. I have been authorized to accept service on behalf of Mr. Reeder in that particular matter.

If Mr. Reeder has not already been served, please feel free to recall any service efforts and perfect service by sending the Petition to me. Thank you for your attention to this matter.

Sincerely,

J. Keith Mayo

J. Keith Mayo

JKM/cnf

ROYSE CITY, TEXAS
(469) 402-0450

WILLOW PARK, TEXAS
(817) 546-4100

JBW - 001

# MAYO MENDOLIA & VICE, L.L.P.

### ATTORNEYS AND COUNSELORS AT LAW

PLAZA TOWER
110 N. COLLEGE AVE.
SUITE 101
TYLER, TEXAS 75702
TELEPHONE: 903-747-3422
FACSIMILE: 903-747-3436

## FACSIMILE COVER PAGE
## PRIVILEGED AND CONFIDENTIAL

### DATE: May 1, 2015

## PLEASE DELIVER THE FOLLOWING MATERIAL AS SOON AS POSSIBLE:

TO:   J. Bennett White            FACSIMILE NO.:   903-597-4330

FROM: Codi Foster, Paralegal

RE:   White v. Reeder

TOTAL PAGES: _____ Including Cover Page

## IF YOU DO NOT RECEIVE ALL PAGES, OR IF ANY ARE NOT LEGIBLE, PLEASE CALL US IMMEDIATELY.

MESSAGE:

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

ROYCE CITY, TEXAS
(469) 402-0450

WILLOW PARK, TEXAS
(817) 226-1953

JBW - 002

ATTORNEYS & COUNSELORS

J. BENNETT WHITE
jbw@jbwlawfirm.com

LAURA S. SEVERT
lsevert@jbwlawfirm.com

1011 PRUITT PLACE

TYLER, TEXAS 75703

(903) 597-4300

FAX (903) 597-4330

POST OFFICE BOX 6250
TYLER, TEXAS 75711-6250
_____

TWYLA FIELDS, CP
CERTIFIED PARALEGAL
tfields@jbwlawfirm.com

May 4, 2015

*via fax 903-747-3436*

Mr. J. Keith Mayo
Mayo, Mendolia & Vice, L.L.P.
110 N. College, Suite 101
Tyler, TX 75702

> **RE:** *Cause No. 2015-184*
> *J. Bennett White, P.C. v. Wendell Reeder*

Dear Keith,

I am in receipt of your letter dated May 1, 2015 concerning your willingness to represent Wendell Reeder. Please be informed that if you file an answer or enter any appearance on Mr. Reeder's behalf, I will move to have your firm disqualified as his attorneys. My insistence on your disqualification will be due to your recent employment of Jennifer Smith.

As you know, Jennifer is a former employee of this firm. With this being a lawsuit for collection of the fees owed, she has confidences of both this firm and of our "client." I submit that her employment subjects her to competing loyalties in honoring the client confidences gained while working here against her current obligation of loyalty to your firm and clients. I submit that for Jennifer to honor our confidences would impair your representation of your client.

More importantly, as an employee of the plaintiff, Jennifer has first-hand knowledge of the correctness of our claim against Mr. Reeder. In fact, a meaningful portion of the fees owed are for services provided by her. Based on her personal knowledge of the validity of our claim and the potential that she could be called as a witness, our client's interest would be prejudiced by her knowledge that to provide truthful testimony would be detrimental to your firm and your client. Accepting representation that would compromise the testimony of a fact witness creates an impermissible conflict of interest. Therefore, if you attempt to represent Mr. Reeder, you are hereby advised that your representation of him will be opposed.

**JBW - 003**

Sincerely,

J. BENNETT WHITE

JBW

**From:** JBW
**To:** Jack Walker <jwalker@martinwalkerlaw.com>
**Sent:** 7/23/2015 6:13PM
**Subject:** RE: White v. Reeder - MSJ hearing

Jack,

Here's the letter I sent to Keith over a week ago asking that he inform whomever was taking his place that I would not agree to any continuance of the hearing. Also, I am already scheduled for a hearing in Austin on July 29th and Laura is scheduled for oral argument before the Texarkana court of appeals. I will email Joy to let her know of my objection to that hearing date. If your need for a continuance is simply to take my deposition, I am available Sunday afternoon (July 26th), Monday afternoon (July 27th) - subject to jury duty Monday morning, Thursday (July 30th), Friday (July 31st), Saturday (August 1st), or Sunday (August 2nd). I'll also agree to extending your response date to August 5th -- if that will help.

J. Bennett White
J. Bennett White, P.C.
903.597.4300
903.597.4330 Fax
www.jbwlawfirm.com

--- Original Message---
To: "'jbw@jbwlawfirm.com'" <jbw@jbwlawfirm.com>
Cc: Shelley Poole <spoole@martinwalkerlaw.com>
From: Jack Walker <jwalker@martinwalkerlaw.com>
Sent: 7/23/2015 11:37AM
Subject: White v. Reeder - MSJ hearing

>> Bennett,
>>
>> I am filing an appearance in this case today. Would you be agreeable to a
>> continuance of the MSJ hearing?
>>
>> Jack
>>
>> John F. (Jack) Walker, III
>> Board Certified-Personal Injury Trial Law
>> Texas Board of Legal Specialization
>>
>> [logo]
>>
>>
>> 121 N. Spring Avenue
>> The Arcadia Theater
>> Tyler, Texas 75702
>> Direct (903) 526-1600
>> Fax  (903) 595-0796

JBW - 005

>> jwalker@martinwalkerlaw.com
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>> Confidential Notice: This email and any attachments are confidential and may be
>> protected by legal privilege. If you are not the intended recipient, be aware that any
>> disclosure, copying, distribution, or use of this e-mail, or any attachment, is prohibited.
>> In such case, you should destroy this message and kindly notify the sender by e-mail.
>> Please advise immediately if you, or your employer, do not consent to internet e-mail
>> for messages of this kind.
>>
>>

JBW - 006

# J. BENNETT WHITE, P.C.

J. BENNETT WHITE
jbw@jbwlawfirm.com

VIRGIL J. JORDAN †
jjordan@jbwlawfirm.com

LAURA S. SEVERT
lsevert@jbwlawfirm.com

† Admitted to Practice in Texas & Iowa

ATTORNEYS & COUNSELORS

1011 PRUITT PLACE

TYLER, TEXAS 75703

(903) 597-4300

FAX (903) 597-4330

POST OFFICE BOX 6250
TYLER, TEXAS 75711-6250
_____

TWYLA FIELDS, CP
CERTIFIED PARALEGAL
tfields@jbwlawfirm.com

July 15, 2015

<u>*via fax 903-747-3436*</u>

Mr. J. Keith Mayo
Mayo, Mendolia & Vice, L.L.P.
110 N. College, Suite 101
Tyler, TX 75702

   RE: *Cause No. 2015-184*
     *J. Bennett White, P.C. v. Wendell Reeder*

Dear Keith,

  In reviewing my calendar, I noticed that the hearing on my Motion for Summary Judgment is scheduled for August 10th. I wanted to get this letter to you well in advance of that deadline so as not to catch you or Mr. Reeder by surprise.

  Considering the Court ruled on June 23rd that (absent resolution) you and your firm have until July 23rd to withdraw from this matter as attorneys, and considering the fact the summary judgment hearing has also been scheduled since June 23rd, I feel that Mr. Reeder has been given ample time to retain new counsel and to respond to the summary judgment motion in a timely manner. Therefore, please be sure Mr. Reeder's new attorney is aware that I am not going to agree to any requests for extension of the summary judgment response date or continuances of the hearing.

  This letter is being sent so that you, Mr. Reeder, and Mr. Reeder's new counsel are all aware of my unwillingness to grant any extensions while there is still an adequate time and ample opportunity for a response to our summary judgment motion to be made in a timely manner.

  Thank you for your attention in this regard. Please call if you have any questions.

       Sincerely,

       J. BENNETT WHITE

JBW:sg

JBW - 007

**From:** Hightail <delivery@yousendit.com>
**To:** tfields@jbwlawfirm.com
**Sent:** 2/04/2015 3:09PM
**Subject:** File Delivered: 2012 Invoices

To: barbara.cogc@yahoo.com

Subject: 2012 Invoices

Message: Barbara,
Please follow this link to download the 2012 invoice Wendell was needing.  Please call me if you have any problems with the download.

Thanks,
Susan Gardner
Legal Assistant
903-597-4300

File: 01-20-12.pdf

Size: 29.61 KB

File: 02-20-12.pdf

Size: 28.99 KB

File: 03-20-12.pdf

Size: 28.41 KB

File: 04-20-12.pdf

Size: 23.5 KB

File: 05-20-12.pdf

Size: 26.02 KB

JBW - 008

File: 06-20-12.pdf

Size: 24.42 KB

File: 07-20-12.pdf

Size: 28.5 KB

File: 08-20-12.pdf

Size: 26.22 KB

File: 09-20-12.pdf

Size: 28.07 KB

File: 10-20-12.pdf

Size: 26.59 KB

File: 11-20-12.pdf

Size: 24.3 KB

File: 12-20-12.pdf

Size: 23.62 KB

Expires: Content will be available for download until February 18, 2015 13:09 PST

Here's the link to this file: https://www.hightail.com/download/UlRRZHlpSWU5RmJMbjhUQw

Terms of Service: http://www.hightail.com/terms-of-service  Privacy Policy :

JBW - 009

http://www.hightail.com/aboutus/legal/privacy   DMCA Policy:   http://www.hightail.com/dmca

JBW - 010

From: Hightail <delivery@yousendit.com>
To: tfields@jbwlawfirm.com
Sent: 2/05/2015 10:21AM
Subject: File Delivered: Reeder Invoices - 2011 and 2013

To: barbara.cogc@yahoo.com

Subject: Reeder Invoices - 2011 and 2013

Message: Barbara,

Please follow this link to download the additional invoices Wendell called about this morning.  Please call me if you have any problems with downloading.

Susan Gardner
Legal Assistant
903-597-4300

File: december - 2011.pdf

Size: 25.28 KB

File: november - 2011.pdf

Size: 29.94 KB

File: february - 2013.pdf

Size: 26.92 KB

File: march - 2013.pdf

Size: 25.11 KB

Expires: Content will be available for download until February 19, 2015 08:21 PST

JBW - 011

Here's the link to this file: https://www.hightail.com/download/UlRRZHlvYXk1Ujd2WnNUQw

Terms of Service: http://www.hightail.com/terms-of-service  Privacy Policy :
http://www.hightail.com/aboutus/legal/privacy  DMCA Policy:  http://www.hightail.com/dmca

JBW - 012

**From:** JBW
**To:** barbara.cogc@yahoo.com
**Sent:** 3/26/2015 4:14AM
**Subject:** Updated Balance Calculations

Barbara,

I have attached a corrected version of the spreadsheet I faxed on Tuesday. I corrected the duplication you noticed and added some other corrections.

On the Adversary Proceeding, I somehow missed all the activity between July 2011 and August, 2012. Attached are lists of the invoices and payments that were initially not included.

I also went ahead and added the recent payments.

On the Total page, I broke down the payments by source according to our records. We are in complete agreement as to the payments made by Smith & Coffman ($21,911.79). I don't know where you included the payments made by W. R. Diversified and I don't know if you included the payments made by Gaither or the expense advance payments that we have been holding in our trust account.

In any event, we account for total payments of $735,627.13 which pays all account balances except for a handful of Wendell's personal accounts. This reconciles to a final balance of $211,146.85, which is within $25 of the balance on our current aging ($211,122.54), after crediting the recent payments ($46,274.20).

Although our breakdown is a little different, it seems to me that we are pretty much in line with each other on the total payment amounts. Please let me know if you have any questions or have identified any other discrepancies.


J. Bennett White
J. Bennett White, P.C.
903.597.4300
903.597.4330 Fax
www.jbwlawfirm.com

JBW - 013

Got your email. Yes, we are in agreement on Smith & Coffman. We are still going through COGC and payments made by Wendell and WR Diversified. Will mesh those with this revised info you sent and get back with you.

Barbara

---

**From:** J. Bennett White <jbw@jbwlawfirm.com>;
**To:** <barbara.cogc@yahoo.com>;
**Subject:** Updated Balance Calculations
**Sent:** Thu, Mar 26, 2015 9:35:19 AM

Barbara,

I have attached a corrected version of the spreadsheet I faxed on Tuesday. I corrected the duplication you noticed and added some other corrections.

On the Adversary Proceeding, I somehow missed all the activity between July 2011 and August, 2012. Attached are lists of the invoices and payments that were initially not included.

I also went ahead and added the recent payments.

On the Total page, I broke down the payments by source according to our records. We are in complete agreement as to the payments made by Smith & Coffman ($21,911.79). I don't know where you included the payments made by W. R. Diversified and I don't know if you included the payments made by Gaither or the expense advance payments that we have been holding in our trust account.

In any event, we account for total payments of $735,627.13 which pays all account balances except for a handful of Wendell's personal accounts. This reconciles to a final balance of $211,146.85, which is within $25 of the balance on our current aging ($211,122.54), after crediting the recent payments ($46,274.20).

Although our breakdown is a little different, it seems to me that we are pretty much in line with each other on the total payment amounts. Please let me know if you have any questions or have identified any other discrepancies.

J. Bennett White
J. Bennett White, P.C.
903.597.4300
903.597.4330 Fax
www.jbwlawfirm.com

**JBW - 014**